

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00007-CR
_____

THOMAS LANCE BELONEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 14-0158X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Thomas Lance Beloney, charged with the third degree felony offense of driving while intoxicated (DWI), third or more, entered an open plea of guilty to the offense and a plea of "true" to two felony enhancements, thereby elevating the punishment range to that of a second degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a) (enhanced punishment range), § 49.09(b) (third degree felony) (West Supp. 2014). After the trial court received the stipulation of evidence and Beloney's judicial confession, the court sentenced Beloney to eighteen years' imprisonment.

Beloney's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 11, 2015, counsel mailed Beloney a copy of the brief, the complete appellate record, and a copy of his motion to withdraw. By letter, counsel informed Beloney of his right to review the record and file a pro se response. Counsel further informed Beloney that any pro se response was due within thirty days of March 11, 2015. Beloney has neither filed a pro se response nor requested an extension of time in which to do so.

2

However, we note that in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, we have identified three errors in the judgment that must be corrected through modification.

(1)     The judgment recites that the offense of conviction is a second degree felony when, in fact, it is a third degree felony—only the punishment range was equivalent to that of a second degree felony, due to enhancement.

(2)     The judgment also recites that Beloney did not enter a plea (the judgment simply lists "N/A") to the two enhancement paragraphs alleged by the State, when, in fact, Beloney pled true to the allegations of each of these enhancement paragraphs.

(3)     Finally, in the space where the trial court would typically memorialize an assessment of attorney fees, the judgment contains the letters "TBD."

While there is nothing in the judgment that directly indicates the meaning of TBD, it is reasonable to assume those letters indicate that the amount of attorney fees assessed against Beloney will be determined at some later time. The record indicates that Beloney was indigent at trial and that he remains so on appeal. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014); *see Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). An assessment of attorney fees against an indigent defendant that leaves the actual amount of the assessment to be determined at some point in the future is improper. Article 26.05(g) of the Texas

3

Code of Criminal Procedure "requires a present determination of financial resources and does not allow speculation about possible future resources." *Cates*, 402 S.W.3d at 252.

We have determined that this appeal is, in all other respects, wholly frivolous and that no reversible error exists. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We, therefore, modify the judgment (1) to reflect that the offense of conviction was a third degree felony offense, (2) to reflect that Beloney pled true to the allegations of the two enhancement paragraphs, and (3) by deleting the letters "TBD" and substituting an assessment of $0.00 for attorney fees.

We affirm the judgment, as modified.[1]


Bailey C. Moseley
Justice


Date Submitted:     May 19, 2015
Date Decided:       May 22, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.